# United States District Court
# District of Massachusetts

CHARLES B. PRICE,
   Petitioner,

v.　　　　　　　　　　　　　　　CIVIL ACTION NO. 2013-11550-PBS

LISA MITCHELL,
   Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED (#28)*

COLLINGS, U.S.M.J.

    In 1979, Charles B. Price ("Price"), upon pleas of guilty, was convicted of second degree murder and armed assault with intent to rob.  Thus, in order to be timely, a petition pursuant to 28 U.S.C. § 2254 had to be filed prior to April 24, 1997, which is one year after the passage of the Antiterrorism and

Effective Death Penalty Act on April 24, 1996 ("ADEPA"). *See Cordle v. Guarino,* 428 F.3d 46, 48 (1 Cir., 2005). The instant petition was not filed until June 28, 2013. Manifestly, the petition is time-barred by over 16 years.

To rebut the alleged untimeliness of his petition, Price argues that since under Rule 30 of the Massachusetts Rules of Criminal Procedure, he can file a motion for a new trial at any time, the statute of limitations must be tolled during the pendency of any motion for post-conviction or collateral review in the state court, whenever filed. *See* #31 at pp. 1-2. That a provision for statutory tolling exists is correct, *see* 28 U.S.C. §2244(d)(1), but what Price fails to realize is that the motion for post-conviction or collateral review must be filed within the one-year period in order for the one-year statute of limitations to be tolled. *Cordle,* 428 F.3d at 48, n. 4. He filed three motions for relief in state court, more particularly, motions to withdraw his guilty pleas. The first was filed in May, 1980; the second was filed in October, 2004; and the third was filed in February, 2011. If such a motion had been pending in the state court or filed in the state court during the one-year period, statutory tolling would have been in effect. But as a matter of law, neither the 2004 nor the 2011 filing in state court restarted the one-year period.

Further, equitable tolling is available if a petitioner shows that ". . . he has been pursuing his rights diligently . . ." and that "extraordinary circumstances" prevented him from filing his petition within the one-year period. *Holland v. Florida,* 560 U.S. 631, 649 (2010)(internal citation and quotation marks omitted). The problem is that Price has made neither showing. There is nothing in the record as to why the petition could not have been filed during the one-year period. After all, Price was not prevented from filing motions in state court in 2004 and 2011.

Further, Price knew how to file a petition for writ of habeas corpus in this court because he did so on February 6, 1992. That case, denoted C.A. 92-40019-RWZ, was dismissed upon a finding that Price had failed to exhaust his state court remedies. The obvious message to Price was that he should file a pleading seeking relief in state court, and if the result was not to his liking, then file a petition in federal court; unfortunately, he did not do so. There is no basis in the record for any equitable tolling.

Price's petition is time-barred. Accordingly, I RECOMMEND that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (#28) be ALLOWED forthwith and that Final Judgment enter

DISMISSING the Petition.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendations must file a specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

March 7, 2014.